GEORGE STOVALL *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—441.]

**Criminal Law—Manslaughter.**

An instruction is correct which informs the jury that if they believe from the evidence beyond a reasonable doubt that the defendant in sudden heat and passion or in sudden affray and upon considerable provocation from the deceased, such as a blow or other actual trespass, and not in self-defense shot and killed the deceased, they must find him guilty of manslaughter.

**Newly Discovered Evidence as Ground for New Trial.**

Newly discovered evidence is not a sufficient ground for a new trial, when such evidence would throw but little, if any, light upon the case favorable to the defendant.

APPEAL FROM BALLARD CIRCUIT COURT.

November 25, 1882.

OPINION BY JUDGE HARGIS:

This appeal is prosecuted by the appellant from a judgment on a verdict of guilty of manslaughter, sentencing him to the penitentiary for the term of seventeen years.

He wrote an insulting and threatening letter to Miss Sallie Edginton, a girl about nineteen years old. She showed it to her father and a day or two after this her father saw appellant on the street, hailed him, saying he wanted to see him. The appellant stopped

and when her father got near enough he said, "I will show you how to run over or slander my family" and slapped him, it may be twice, quite hard, when appellant drew a derringer 41 caliber and shot him through the abdomen, from which he died. As soon as appellant fired he "jerked loose" and fled. The deceased was a large muscular man near sixty years old. The appellant was a medium-sized man and was not the equal of the deceased in strength.

The court instructed the jury properly as to murder, but it is contended that it erred in the second instruction which defined manslaughter, and also in the third instruction as to self-defense. In the second instruction the court told the jury, in substance, if they believed from the evidence beyond a reasonable doubt that the defendant "in sudden heat and passion or in sudden affray and upon considerable provocation from Lee H. Edginton, such as a blow or other actual trespass, and not in self-defense" shot and killed the deceased, they must find him guilty of manslaughter. This instruction is not subject to the interpretation placed upon it by the appellant's counsel, nor is it in conflict with the doctrine of legal provocation laid down in the case of *Williams v. Commonwealth,* 80 Ky. 313, 4 Ky. L. 3. In order to reduce his offense to manslaughter the instruction before us only required the appellant to show that he had been struck, or actually trespassed upon by Edginton, without regard to the degree of force with which the blow was struck or the trespass done, if either amounted to considerable provocation. The jury were left to judge whether the appellant shot in sudden heat and passion or in sudren affray upon considerable provocation, and we think rightly so because the degree of the provocation, which ought to have been considerable, is a fact which the jury should be permitted to find from all the evidence in the case. The clause "not in self-defense" was clearly in the appellant's favor. It, in effect, said to the jury, if the blow or trespass put the appellant in danger of loss of life or great bodily harm he could not be convicted of manslaughter, as in that state of case the court by the third instruction told them the appellant had the right to shoot the deceased. Besides this, there could have been no misapplication of the reasonable doubt in the case, as the court plainly instructed the jury that if they had such doubt of his guilt they should acquit, and that they could not find either degree of the offense charged in the presence of a reasonable doubt, and if they found

him guilty and had a reasonable doubt of the degree he was entitled to it.

The alleged newly discovered evidence was not sufficient under the circumstances to authorize a new trial. It would throw but little, if any, light upon the case favorable to the appellant, who, in the face of merited but not legal chastisement with the open hand by the father of the girl whom he had attempted to blackmail into submission to his lust, drew from concealment the ready and deadly pistol and shot him down. The appellant received a slight punishment in a fair and legal trial and the judgment is, therefore, *affirmed*.

*Nichols & Hawes, A. J. Warden, Jr., Bugg & Wills, for appellant. P. W. Hardin,. Wm. Cromwell, for appellee.*